IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
Houston Division

MARVIN GIBSON
             Plaintiff,

                                    CIVIL ACTION NO.: _____

vs.

EMPIRE INDEMNITY INSURANCE COMPANY
             Defendant.

## COMPLAINT

**COMES NOW**, MARVIN GIBSON ("Plaintiff"), and sues EMPIRE INDEMNITY INSURANCE COMPANY ("Defendant"), for breach of contract and hereby files this cause of action and shows unto the Court the following:

### COMMON FACTUAL ALLEGATIONS

1.      This is an action for damages in excess of the jurisdictional limits of this Court, as well as for additional equitable relief.

2.      At all times relevant herein, Plaintiff, MARVIN GIBSON, owns the insured property located at 1744 Islander Way, Seabrook TX 77586.

3.      At all times referenced herein, Defendant, EMPIRE INDEMNITY INSURANCE COMPANY [hereinafter referred to as "Defendant,"], is a foreign corporation, with its principal place of business in the State of Illinois.   EMPIRE INDEMNITY is duly authorized to conduct the business of insurance in the State of Texas, and was and is engaged in the business of insurance in Harris County, Texas and throughout the State of Texas.   EMPIRE INDEMNITY may be served with process upon

1

its agent for service of process at its corporate office located at 1400 American Lane, Schaumburg, IL 60196-1056.

4.     This Court has jurisdiction in accordance with 42 U.S.C. 4072.  This suit concerns a Standard Flood Insurance Policy (the "Policy") issued by the Defendant and covering the Plaintiff's insured property, which is located at located at 1744 Islander Way, Seabrook TX 77586.  Section VII-R of the Policy expressly provides that any lawsuit brought against the Defendant with regard to the Policy must be filed in the United States District Court for the district in which the Property is located.  Reference to the Policy is hereby made for all purposes.

5.     Venue is mandatory in this Court per 42 U.S.C. 4072.  The Property covered by the Policy is located in Harris County, Texas.

6.     All conditions precedent to the recovery of all of the relief sought by Plaintiff has occurred or has been performed.

7.     In consideration of the premiums paid, EMPIRE INDEMNITY issued to Plaintiff, as an additional named insured, a policy of flood insurance bearing policy number FLR620297931 with a policy period effective during the time of the flood event ("the Policy").  The named insured mortgagee under the Policy is Wilshire Credit Corporation, its Successors and/or Assigns, located at P.O. Box 57112, Irvine, CA 92619-7122, and the Loan Number associated with this Policy is 126494.

8.     The Policy was in full force and effect when substantial damage occurred to the property as a result of the flood waters of Hurricane Ike on or about September 13, 2008.  A copy of the Declarations Page to the Flood Insurance Policy as it exists in the Plaintiff's possession is attached hereto as Exhibit "A."

8.     The policy insured the Property against damage arising from floods. Section II-A of the Policy defines a "flood" as being a "general and temporary condition of partial or complete inundation of two or more acres of normally dry land area or of two or more properties (at least one of which is your property) from (a) Overflow of inland or tidal waters; (b) Unusual and rapid accumulation or runoff of surface waters from any source; (c) Mudflow."

9.     The Property was flooded on the morning of September 13, 2008 by Hurricane Ike (the "Flood").  Flooding is a well recognized, common characteristic of hurricanes.  The water produced by Hurricane Ike unusually and rapidly accumulated on the surface of the Property, and it eventually penetrated the insured property through its walls and doors.

10.     To the best of the Plaintiff's knowledge, adjacent properties, which are legally separate and distinct from the insured location, were simultaneously flooded by Hurricane Ike, and that flooding was similar to the flooding which occurred at the Property.

11.     The insured location was significantly damaged by the Flood, and land adjacent to the Plaintiff's property was flooded by the waters of Hurricane Ike.

12.     On or about September 13, 2008, the Plaintiff filed a claim under the Policy with the Defendant for the Property arising from the Flood, and Defendant assigned claim number 08-11440 to the Plaintiff's insurance loss.

13.     The Defendant subsequently sent an insurance adjuster to inspect the damage to the Property arising from the Flood.  Defendant has neglected to conduct a full and adequate investigation into the amount of flooding damage present in the area

associated with the insured location.  A copy of Defendant's letter to Plaintiff dated September 25, 2009 regarding its original determination of coverage is attached hereto as Plaintiff's Exhibit "B."

14.    Defendant has refused to appropriately consider the full scope of flood damages existing at the Plaintiff's property which is associated with the above referenced flood event.

15.    To the best of Plaintiff's knowledge, Plaintiff believes that Defendant made prior payments in the total amount of $58,211.17 for damage to Coverage A-Dwelling Structure under the flood policy associated with the claim.

16.    Plaintiff retained the services of Todd R. Lehmann, P.E. as his engineer to prepare a forensic engineer report associated for flood related damage at the insured location.  A copy of the Plaintiff's Engineer Report is attached as Exhibit "C."

16.    Plaintiff also retained David A. Hayes of ClaimSolve, Inc. as his public adjuster to assess the scope of flood related damage at the insured location.  Mr. Hayes prepared his final damage assessment for this matter and determined that approximately $92.791.23 exists in flood related damage at the property for the Dwelling Structure as a part of Plaintiff's supplemental claim.

17.    When you deduct the prior payments made by Defendant to Plaintiff in the total amount of $58,211.17, Plaintiff asserts that Defendant owes Gibson for the amount of $34, 580.06 in additional coverage for damage under the Policy.

18.    A copy of David A. Hayes' Damage Assessment for flood related damage at the insured location is attached as Exhibit "D."

19.     Plaintiff attempted on several occasions to have Defendant reconsider his supplemental claim to no avail.  A copy of Plaintiff's May 23, 2013 correspondence to Defendant is attached as Exhibit "E."

20.     The Flood Policy provides for a one-year statute of limitation for an insured to file suit from the date that the insurer denies coverage for the claim.  To date, Defendant has not denied coverage for this claim, and the one-year statute of limitation does not bar Plaintiff's lawsuit for this matter.

## COUNT ONE- BREACH OF CONTRACT AGAINST EMPIRE INDEMNITY

21.     Plaintiff re-alleges paragraph 1 through 20 as if fully set forth herein.

22.     The Plaintiff's property was damaged by Flood.

23.     The Policy is a contract, which requires the Defendant to compensate the Plaintiff for damage resulting from a "flood" as defined in Section II-A of the Policy.

24.     The Flood which damaged the Property meets the definition of a "flood" under Section II-A of the Policy.  Flood resulted from unusual and rapid accumulation of surface waters and it inundated at least two properties.

25.     Despite the Claim made on the Policy, the Defendant has refused to adequately inspect and document all of the information associated with the claim and EMPIRE INDEMNITY has ignored evidence of the full scope of physical changes to the property caused by Flood.

26.     The Defendant has provided no legitimate reason for its refusal to compensate the Plaintiff for all of the damages sustained as a result of the Flood event.

27.     The Defendant has refused to cooperate and/or respond to Plaintiff despite Plaintiff's numerous requests that a supplemental claim be considered for flood damage

originally overlooked by Defendant during its initial adjustment of the loss.   Defendant's actions have forced Plaintiff to file suit as a last resort in order to enforce his rights under the Policy.

28.    EMPIRE INDEMNITY owed a duty to its policyholder to make prompt and proper payment for his flood claim, and to make available the Policy benefits to compensate its insured for this loss.   These duties arise from the language of the Policy itself, from the terms of the National Flood Insurance Act of 1968 and its amendments, and Title 44 of the Code of Federal Regulations (CFR).

29.    EMPIRE INDEMNITY breached these duties and obligations as stated above, by failing to make available all proper sums to indemnify its insured, and by relying upon a position which is inconsistent and which in effect denied coverage, which is and should be inapplicable under the circumstances of this claim.

30.    EMPIRE INDEMNITY has breached the Policy by failing to pay all benefits available and owed under the Policy, by utilizing an inappropriate interpretation of the Policy so as to attempt to avoid its obligations imposed by the Policy and by applicable federal law.

31.    As a result of these breaches, Plaintiff has been damaged in an amount well above the amount previously paid by Defendant to Plaintiff for this claim.   Plaintiff seeks additional benefits available under the Policy for flood damage to the building, Plaintiff has not been made whole, and Plaintiff has been unable to make repairs necessary to return the property to its pre-loss condition.

32.    The Defendant's denial of the Claim is unjustified.

33.     The Defendant's refusal to compensate the Plaintiff for damage to the Property resulting from the Flood is a breach of the Policy, and the Defendant has therefore committed a breach of their contract with the Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERED, Plaintiff, MARVIN GIBSON prays for the following relief:

(a)     Award against Defendant for the full value of Plaintiff's lost or damaged property which resulted from the flood event associated with Hurricane Ike, that occurred on or about September 13, 2008; and

(b)     All other relief that this Court may determine is just and appropriate.

RESPECTFULLY SUBMITTED, this the _____ day of September, 2015.

MARVIN GIBSON, PLAINTIFF

BY: _/s/ Jason M. Ciofalo_
JASON M. CIOFALO
FED. I. D. NO. 1034198

Jason M. Ciofalo, Esq.
THE CIOFALO LAW FIRM, PLLC
10033 N. Dale Mabry Highway, Suite B
Tampa, FL 33618
Telephone:  (813) 751-0293
Facsimile:   (866) 908-6555
Jason@ciofalolaw.com
policy@mackinnon-law.com